**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **JEFFREY MAYO,** ) | |
| ) | |
| Plaintiff, ) | Case No. CV 12-6856 AJW |
| ) | |
| v. ) | MEMORANDUM OF DECISION |
| ) | |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social** ) | |
| **Security,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff filed this action seeking reversal of the decision of defendant, the Acting Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for supplemental security income ("SSI") benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

The parties are familiar with the procedural facts, which are summarized in the Joint Stipulation. [See JS 2-3]. In an April 5, 2011 written hearing decision that constitutes the Commissioner's final decision in this action, the Administrative Law Judge ("ALJ") concluded that plaintiff was not disabled because he retained the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy. [JS 3; Administrative Record ("AR") 16-28].

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r, Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Social Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

**Discussion**

**Appeals Council's consideration of additional evidence**

Plaintiff contends that the Appeals Council committed reversible legal error by failing adequately to consider and comment upon new evidence submitted by plaintiff in support of his request for review of the ALJ's decision. [JS 4-13].

Along with his request for review, plaintiff submitted to the Appeals Council treatment records from Long Beach Mental Health ("LBMH") for the period from February 2, 2011 through April 13, 2011. [AR 296-310]. In its decision denying plaintiff's request for review, the Appeals Council stated that it had considered that additional evidence from LBMH and "found that this information does not provide a basis for changing" the ALJ's decision. [See AR 1-2, 5].

The Commissioner's regulations state that when "new and material" evidence is submitted to the Appeals Council,

>  the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it

1  relates to the period on or before the date of the administrative law judge hearing decision.
2  It will then review the case if it finds that the administrative law judge's action, findings, or
3  conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. §§ 404.970, 416.1470.

The regulations do not require the Appeals Council to make specific findings to justify a conclusion that the ALJ's decision is or is not "contrary to the weight of the evidence currently of record." Furthermore, a federal court "do[es] not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision" because such a decision "is a non-final agency action." Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). When the Appeals Council denies review, "the ALJ's decision becomes the final decision of the Commissioner, and the district court reviews that decision for substantial evidence, based on the record as a whole," which includes "evidence submitted to and considered by the Appeals Council." Brewes, 682 F.3d at 1161-1162. Accordingly, even if the Appeals Council erred in failing to properly consider the LBMH treatment records, this court lacks jurisdiction to review the Appeals Council's decision or to reverse the ALJ's decision based on defects in the Appeals Council's decision.

Plaintiff also asserts that the records from LBMH "starkly conflict with the ALJ's finding that [plaintiff's] mental impairment is non-severe absent drug ro alcohol use." [JS 7]. To the extent that plaintiff is contending that the ALJ's decision is not supported by substantial evidence in the record as a whole when the additional evidence submitted to the Appeals Council is considered, it is unnecessary to consider that contention because a remand for further administrative proceedings is warranted on other grounds.

**Drug and alcohol abuse analysis**

Plaintiff contends that the ALJ did not conduct a proper analysis of whether drug or alcohol abuse was a material contributing factor. [JS 14-20].

Under the Social Security Act, "[a]n individual shall not be considered disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). "The key factor in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether an individual would still be found disabled if [he or she] stopped using alcohol or drugs." Sousa v. Callahan, 143 F.3d

1240, 1245 (9th Cir.1998) (internal quotation marks and ellipsis omitted); see 20 C.F.R. §§ 404.1535, 416.935 (explaining how the Commissioner determines whether drug addiction or alcoholism is a contributing factor); see also Social Security Ruling ("SSR") 13-2p, 2013 WL 621536 (explaining how the Commissioner evaluates cases involving drug addiction and alcoholism[1]).

The ALJ must first conduct the sequential five-step inquiry used to evaluate disability "without separating out the impact of alcoholism or drug addiction. If the ALJ finds that the claimant is not disabled under the five-step inquiry, then the claimant is not entitled to benefits and there is no need to proceed with the analysis under 20 C.F.R. §§ 404.1535 or 416.935." Bustamante v. Massanari, 262 F.3d 949, 955 (9th Cir. 2001); see 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); SSR 13-2p, 2013 WL 621536, at *5-*7. If, however, "the ALJ finds that the claimant is disabled and there is medical evidence of his or her drug addiction or alcoholism, then the ALJ should proceed under §§ 404.1535 or 416.935 to determine if" drug or alcohol abuse is a contributing factor material to the disability determination. Bustamante, 262 F.3d at 955 (internal quotation marks and brackets omitted); see 20 C.F.R. §§ 404.1535, 416.935; SSR 13-2p, 2013 WL 621536, at *5-*7.

A two-step analysis is required to determine whether drug or alcohol abuse is a material contributing factor. First, the ALJ must determine which of the claimant's disabling limitations would remain if the claimant stopped using drugs or alcohol. Second, the ALJ must determine whether the remaining limitations would still be disabling. If so, then the claimant's drug addiction or alcoholism is not a material factor to the determination of disability. 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2); Parra v. Astrue, 481 F.3d 742,

---

[1] The Commissioner defines "drug addiction and alcoholism" as used in the Social Security Act as

> Substance Use Disorders; that is, Substance Dependence or Substance Abuse as defined in the latest edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM) published by the American Psychiatric Association. . . . In general, the DSM defines Substance Use Disorders as maladaptive patterns of substance use that lead to clinically significant impairment or distress.

SSR 13-2p, 2013 WL 621536, at *3 (footnotes omitted). In this order, terms such as "drug and [or] alcohol abuse," "polysubstance abuse," or "polysubstance dependency" are used interchangeably with "drug addiction and [or] alcoholism."

747 (9th Cir. 2007). The claimant bears the burden of proving that drug addiction and alcoholism are not contributing factors material to his or her disability, in that he or she would remain disabled if the drug and alcohol substance abuse ceased. Parra, 481 F.3d at 748.

At step two of the sequential evaluation, the ALJ found that plaintiff had severe impairments consisting of depressive disorder NOS, polysubstance abuse, and alcohol abuse. [AR 21-22]. Therefore, the ALJ was obliged to continue with the sequential evaluation process.

At the third step of the sequential evaluation, the ALJ found that plaintiff's impairments did not meet or equal a listed impairment. [AR 21-22]. The ALJ also found that there was "no evidence that the claimant has indeed stopped using drugs/alcohol." [AR 22].

At step four of the sequential evaluation, the ALJ found that plaintiff had the RFC

> to perform a full range of heavy exertion work with the following nonexertional limitations: mild restriction of activities of daily living, mild difficulties in maintaining social functioning and mild difficulties in maintaining concentration, persistence and pace. Accordingly, absent drug/alcohol abuse, [plaintiff] can perform basic unskilled work.

[AR 23].

At the fifth and final step of the sequential evaluation, the ALJ, relying on the testimony of a vocational expert, found that plaintiff's RFC did not preclude him from performing work that exists in significant numbers in the national economy. Therefore, the ALJ concluded that plaintiff was not disabled. [AR 24-25].

The ALJ's decision includes two full paragraphs after his formal step-five finding. In those paragraphs the ALJ discussed plaintiff's drug and alcohol abuse and made the following informal findings:

(1) plaintiff's "drug/alcohol addiction prevent him from maintaining or sustaining work at all levels of exertion or complexity";

(2) "[t]he medical evidence indicates that [plaintiff] has polysubstance dependence and alcohol abuse, impairments that are severe within the meaning of the Regulations";

(3) plaintiff's drug and alcohol abuse meets section 12.09 of the listing;

(4) "there are no disabling physical or mental impairments independent of drug and/or alcohol addiction";

(5)     plaintiff would not be disabled if he stopped abusing drugs and alcohol;

(6)     plaintiff's drug and alcohol abuse is a contributing factor material to the determination of disability. [AR 25].

Plaintiff contends that substantial evidence does not support the finding that plaintiff was still using drugs or alcohol, but that even if the record contained such evidence, the ALJ was required to complete the sequential evaluation process before determining whether plaintiff's alcohol or drug use was a contributing factor material to the disability determination. Plaintiff also contends that the ALJ erroneously assessed plaintiff's RFC at step four "absent drug/alcohol abuse" when what he should have done was first complete the sequential evaluation without differentiating, or separating out, the effects of plaintiff's drug and alcohol use. Plaintiff argues that the ALJ did not properly analyze plaintiff's drug addiction and alcoholism, and that the ALJ's findings are so ambiguous that plaintiff cannot meaningfully meet his burden of proof with respect to the initial five-step sequential evaluation process or the contributing factor/materiality determination.

Defendant contends that the ALJ properly analyzed plaintiff's drug addiction and alcoholism and was not required to determine whether drug addiction or alcoholism was a contributing factor because "at not step during the sequential evaluation process did the ALJ find that Plaintiff was disabled." [JS 19]. Defendant also contends that the ALJ's additional or informal findings regarding plaintiff's drug addiction and alcoholism that followed the ALJ's step five finding were a "typographical error" and an "inadvertent insertion." [JS 19].

Plaintiff's contentions have merit. The ALJ's findings, both formal and informal, are so ambiguous and confusing that meaningful judicial review is precluded. Given the specific and detailed nature of the informal findings at the end of the ALJ's decision, defendants' conclusory assertion that those findings are "inadvertent" is rejected. Those informal findings suggest that the ALJ may have concluded that plaintiff was disabled when his polysubstance abuse (which the ALJ found to be ongoing) was considered, but, if so, the ALJ should have made the requisite findings first, by conducting a "nondifferentiated" sequential evaluation process that fully accounted for plaintiff's drug addiction and alcoholism as well as his severe depressive disorder NOS, see Bustamante, 262 F.3d at 955, and also should have supported those findings with reasoning and citations to the record. See SSR 13-2p, 2013 WL 621536, at *7 (stating that ALJs "must

provide sufficient information so that a subsequent reviewer considering all of the evidence in the case record can understand the reasons for the following findings whenever DAA materiality is an issue," including the finding that the claimant has drug addiction and alcoholism, the finding that the claimant is disabled at step 3 or step 5 of the sequential evaluation process considering all of his or her impairments, including drug addiction and alcoholism, and the finding that the claimant would still be disabled, or would not be disabled, in the absence of drug addiction and alcoholism).

Even if the informal findings at the end of his decision could properly be disregarded, the ALJ committed legal error at steps four and five by making an RFC finding "absent drug/alcohol use" without having first completed the five-step evaluation based on plaintiff's severe impairments of polysubstance/alcohol abuse and depressive disorder NOS. See Bustamante, 262 F.3d at 955 ("The ALJ should have proceeded with the five-step inquiry without attempting to determine the impact of [the claimant's] alcoholism on his other mental impairments. If, and only if, the ALJ found that [the claimant] was disabled under the five-step inquiry, should the ALJ have evaluated whether [the claimant] would still be disabled if he stopped using alcohol."). Therefore, the ALJ's decision cannot stand.

**Remedy**

Plaintiff requests relief in the form of an order remanding this case to defendant for further administrative proceedings. [JS 43].

In general, the choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the court. See Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.) (holding that the district court's decision whether to remand for further proceedings or for payment of benefits is discretionary and is subject to review for abuse of discretion), cert. denied, 531 U.S. 1038 (2000). The Ninth Circuit has observed that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004) (quoting INS v. Ventura, 537 U.S. 12, 16 (2002) (per curiam)).

A remand for further administrative proceedings is the proper remedy in this case because the ALJ committed legal error in evaluating plaintiff's disability and the effects of drug addiction and alcoholism. On remand, the ALJ should: (1) conduct a supplemental hearing and take any additional steps that are necessary to fully and fairly develop the record.; (2) issue a new decision based on the evidence in the

record as a whole that contains properly supported findings at each step of the sequential evaluation process; and (3) if plaintiff is found disabled when his drug or alcohol abuse is considered, perform the sequential evaluation process a second time, with properly supported findings, for purposes of determining whether drug or alcohol abuse is a contributing factor material to the disability determination. See Bustamante, 262 F.3d at 956 (reversing and remanding with instructions that the ALJ proceed with the sequential evaluation without attempting to separate out the impact of the claimant's alcohol abuse).[2]

## Conclusion

For the reasons stated above, the Commissioner's decision is **reversed**, and the matter is **remanded** to the Commissioner for further administrative proceedings consistent with the memorandum of decision.

**IT IS SO ORDERED.**

February 12, 2014

_____
ANDREW J. WISTRICH
United States Magistrate Judge

---

[2] This disposition makes it unnecessary to consider plaintiff's remaining grounds for relief.